**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | | |
|---|---|---|
| TYJUAN COOPER, | * | |
| Reg. #05301-010, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 2:20-cv-00030-JJV |
| | * | |
| DEWAYNE HENDRIX, Warden, | * | |
| Forrest City Federal Correctional Institution, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.     PROCEDURAL HISTORY**

On June 3, 2015, Petitioner TyJuan Cooper was indicted in the Western District of Arkansas on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   *United States v. Cooper*, Case No. 5:15CR50036-TLB-1, Doc. No. 1. He requested and was granted a mental competency evaluation pursuant to 18 U.S.C. § 4241.   *Id.*, Doc. Nos. 12-13.   The United States District Court for the Western District of Arkansas determined him to be competent to stand trial.   *Id.*, Doc. No. 21.   Mr. Cooper pleaded guilty on January 29, 2016.   *Id.*, Doc. Nos. 22-23, 35.   According to the plea agreement, authorities executed a search warrant on Mr. Cooper's residence and located a pistol in a backpack; Mr. Cooper, who had at least one prior felony conviction, admitted he knew about the firearm.   *Id.*, Doc. No. 23 at 3.   He was sentenced on May 26, 2016, to eighty-four months' imprisonment, followed by three years' supervised release.   *Id.*, Doc. No. 35.   His request at sentencing for a downward departure based on diminished capacity was denied, although he was granted a variance to account for his intellectual deficiency.   *Id.*, Doc. No. 42.   Mr. Cooper appealed, and the United

States Court of Appeals for the Eighth Circuit affirmed.   *Id.*, Doc. No. 47.   Its mandate was issued

on April 6, 2017.   *Id.*

Now, Mr. Cooper, an inmate at the Forrest City Medium Federal Correctional Institution,

seeks to vacate his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241.   (Doc. No. 2.)   He claims that because he was incapable of understanding the

concept of constructive possession, he was convicted without proof of an essential element of the

crime.   (*Id.* at 5.)   He relies specifically on *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019),

wherein the United States Supreme Court held a prosecution under § 922(g) requires proof "that

the defendant knew he possessed a firearm and also that he knew he had the relevant status when

he possessed it."   After careful consideration of Mr. Cooper's Petition and the Response (Doc.

No. 4), I find the Petition must be dismissed for lack of jurisdiction.

## II.     ANALYSIS

Mr. Cooper's Petition challenges his conviction and sentence imposed by the United States

District Court for the Western District of Arkansas.   An inmate seeking to challenge the

lawfulness of the imposition of his federal conviction and sentence must generally bring a 28

U.S.C. § 2255 motion to the sentencing court.   *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir.

2004).   Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further

step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and

sentencing court.   *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone

v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).   In contrast, a § 2241 habeas corpus

petition attacks the execution of a sentence, or the manner in which the sentence is being carried

out, and is properly brought before the court presiding in the judicial district where the prisoner is

incarcerated.   *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d

at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).   Mr. Cooper's Petition, although

filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction unless he first shows that § 2255

would be inadequate or ineffective.   *Abdullah*, 392 F.3d at 959.   The requirement that a petitioner

must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255(e).   As a purely practical matter, it is the burden of the petitioner to demonstrate

that § 2255 relief in the sentencing court would be inadequate or ineffective.   *DeSimone*, 805 F.2d

at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)).   In

establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has

clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under
> § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.
> This court has held a § 2255 motion is not "inadequate or ineffective" merely
> because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been
> denied permission to file a second or successive § 2255 motion," (3) "a second or
> successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed
> the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d

1075, 1077 (8th Cir. 2000)).

Mr. Cooper suggests the savings clause applies because of the "intervention of [a] new

substantive rule of statutory law."   (Doc. No. 2 at 13.)   He argues the claim he makes here was

not available to him, because *Rehaif* had not yet been decided, at the time of his prosecution, his

appeal, or "during his original 28 U.S.C. 2255 proceedings."   (*Id.*)   It is true that some circuits

have held habeas corpus relief is appropriate where the petitioner relies on a new rule of statutory

law made retroactive to cases on collateral review and has previously sought relief under § 2255.

*See, e.g.*, *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900

F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re*

*Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).   As one court has explained,

> This is because, although a prisoner may raise such a claim in a first motion for
> relief under § 2255, new rules of statutory law (as opposed to constitutional law)
> are not a basis for authorizing a successive motion for relief under § 2255.   *See* 28
> U.S.C. § 2255(h).   Thus, a prisoner may be left with a valid claim for relief – that
> an intervening change of statutory law has resulted in a viable claim that she was
> innocent of the offense for which she was convicted – and yet have no procedural
> vehicle through which to bring such a claim.

*Coleman v. Barnes*, Case No. 18-CV-1682 (NEB/TNL), 2018 WL 6991105, at 2 (D. Minn. Oct.

10, 2018), *report and recommendation adopted*, 2018 WL 6716842 (D. Minn. Dec. 20, 2018).

These circuits generally follow a three-prong test, holding § 2255 is inadequate or ineffective when

(1) an intervening decision establishes the prisoner is in custody for an act the law does not make

criminal; (2) the prisoner's claim was foreclosed by erroneous circuit law at the time of sentencing,

direct appeal, and a first motion under § 2255; and (3) the prisoner cannot satisfy the requirements

for bringing a second or successive motion under § 2255.   *Wilson v. Lowry*, Case No. CR 98-

00177 (SRN), 2017 WL 5158654, at 2 (D. Minn. Nov. 7, 2017).

   But even assuming *Rehaif* applies to Mr. Cooper's case,[1] and even assuming it is a new

rule of statutory law that is retroactively applicable to cases on collateral review, the savings clause

does not apply.   The docket reflects Mr. Cooper never filed a § 2255 motion in the first place.

   [T]he savings clause is irrelevant where a petitioner has not previously sought relief

---

[1] As Respondent points out, the rule announced in *Rehaif* was that the government is required to
prove the defendant knew of his or her status as a person barred from possessing firearms.   139
S. Ct. at 2200.   Mr. Cooper does not allege he was unaware of his status as a felon; instead, he
alleges he was unaware he possessed a firearm.

under § 2255, because the prisoner may simply present her new claim in a § 2255 motion.  Although a one-year limitations period applies to § 2255 motions, that limitations period may be reopened where the new right or rule of law applicable to cases on collateral review is recognized by the Supreme Court.  *See* 28 U.S.C. § 2255(f)(3).  Unlike the restriction on second-or-successive motions found in § 2255(h)(2), the limitations period set by § 2255(f)(3) does not distinguish between new rules of constitutional law and new rules of statutory law; both types of claims are entitled to the benefit of the reopened limitations period.

*Coleman*, 2018 WL 6991105, at 2 (footnote omitted).   Because Mr. Cooper could raise his claim in a § 2255 motion in the sentencing court, which he has not yet attempted to do, he has failed to demonstrate § 2255 would be inadequate or ineffective.  For these reasons, the instant § 2241 Petition must be dismissed for lack of jurisdiction.

## III.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Cooper's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED.

SO ORDERED this 15th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE